## ST. LOUIS, VANDALIA & TERRE HAUTE RAILROAD COMPANY

### v.

### NICHOLAS HURST.

*Railroads—Injuries to Stock—Evidence—Signals—Instructions.*

1.  In an action against a railroad company to recover damages for injuries to stock at a highway crossing, it is *held:* That it was for the plaintiff to show that the defendant caused the injuries complained of, by other evidence than the mere occurrence thereof; and that the law raises no presumption as to the effect of the omission of the usual signals.

2.  It is error to give an instruction having no basis in the evidence.

[Opinion filed July 2, 1887.]

APPEAL from the Circuit Court of Clark County; the Hon. JAMES F. HUGHES, Judge, presiding.

Messrs. JOHN G. WILLIAMS and T. J. GOLDEN, for appellant.

Messrs. WHITEHEAD & JONES, for appellee.

*Per Curiam.* In the court below, on appeal from a Justice of the Peace, appellee obtained judgment on verdict for $58 against appellant for killing one cow, crippling another and also a hog, belonging to him, by its freight train going east on the morning of July 26, 1885.

He charges that the statutory signals by whistle and bell were not given, and that the train hands ought to have seen the stock in time to stop. The cows approached the track from the north by a lane, and were struck on the crossing. It is not denied that the right of way was clear to the crossing, until the train was too near to be stopped before reaching it.

The engineer and fireman say they did not see them until they were coming up the approach or embankment, 150 or 200 yards from the engine, and that every effort then possible

was made to prevent a collision. And it is by no means clear that they ought to have seen them before they came upon the right of way, for, though the description of the locality is not very definite in the testimony, we understand from it that there was "something of a grove" between the track west of the crossing and the lane, which at that leafy season and with the fence may have prevented it from many points of observation from the train, and they were not bound to be look'ng at every moment, to the lane. But had they seen them coming down the lane, that fact would not have required them, in the exercise of proper care, to stop or slow the train. It would have furnished no reason to suppose the cattle would continue to come on and attempt to cross the track immediately before the train.

In relation to the signals there was the usual conflict of evidence. The train hands were positive they were given, and the plaintiff's witnesses didn't hear them. It was for the jury to determine that question. But the trouble with the case is that if they were not given, there is not a particle of evidence in the record, that we can discover, which tends to show that this omission was the cause of the injury. It may have been, and, so far as the proof shows, it may as well not have been; either finding must be the merest guess. No intelligent reason can be assigned for anything like confidence in either. Here was a heavy train of twenty-eight cars. When the cows emerged from the lane upon the right of way, if not before, they must have heard and seen it, coming to cross the line on which they were going. If the sight and sound of its motion, so near and in such direction, did not arrest or hasten theirs so as to avoid the collision, with what reason can it be said or thought that the whistle sounded a quarter of a mile away, and the continuous ringing of a bell on the engine, added to the racket, would or would not have produced such an effect? We have now come to know, judicially, that cattle on a highway, approaching a railroad crossing, will sometimes be arrested or frightened back by the sight and sound of a coming train, and sometimes will not be by the whistling and ringing in addition. The law raises no presumption as to the effect of the omis-

sion of these signals. It was not for the defendant to show it did not cause the injury but for the plaintiff to show affirmatively that it did. The occurrence of the injury does not tend to show it. This rule, requiring such proof apart from the mere injury itself, has been so often declared that we refrain from citations.

In this case, so far as relates to the cows, we think it was not made, and that the instruction given to the jury upon that hypothesis was without foundation in the evidence. The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*